IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Civil Action No. 21-1054-RGA** |
| | : | Superior Court of the State of |
| QLARANT QUALITY SOLUTIONS, | : | Delaware in and for Kent County |
| INC., et al., | : | Case No. K21C-06-040 NEP |
| | : | |
| Defendants. | : | |

M. Denise Tolliver, Camden, Delaware.  Pro Se Plaintiff.

Chelsea A. Botsch, Esquire, Pamela J. Moore, Esquire, and Tiffany R. Hubbard, Esquire, McCarter & English, LLP, Wilmington, Delaware.  Counsel for Defendants.

**<u>MEMORANDUM OPINION</u>**

March     , 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff M. Denise Tolliver, who appears *pro se*, filed this action in the Superior Court of the State of Delaware in and for Kent County, on June 28, 2021.   It was removed to this Court on July 21, 2021, by Defendants Qlarant Quality Solutions, Inc., Ronald G. Forsythe, Jr., and Deborah Keller.   (D.I. 1).   Pending is Plaintiff's motion to remand, motion for default judgment, and motion to strike reply brief, as well as Defendants' motion to dismiss.   (D.I. 6, 7, 10, 14).   The matters have been fully briefed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an almost identical action on November 8, 2017, in the Superior Court of the State of Delaware in and for Kent County, against the Delmarva Foundation for Medical Care Inc. (now known as Qlarant Quality Solutions, Inc.),   Quality Health Strategies, and Terri Daly.   *See Tolliver v. Delmarva Foundation for Medical Care, Inc.*, C.A. No. K17C-11-010 NEP (Del. Super. Ct.) ("Tolliver I").   The Complaint alleged breach of the implied covenant of good faith and fair dealing, violation of Delaware Code Title 19, Chapter 11, Section 1108(3), and disability discrimination and retaliation claims.

The three counts in the instant Complaint are similar, but not identical to Counts I, II and IV of the Tolliver I complaint.   The Counts are:   Count I, implied covenant of good faith and fair dealing; Count I violation of Delaware Code, Title 19, Chapter 11, Section 1108(3); and Count III, equal pay, DDEA and DPDEPA disability and retaliation. (D.I. 1-1).

Plaintiff was hired by Qlarant on October 7, 2013.   (*Id.* at ¶ 10).   When she applied for employment, she voluntarily reported her disability in her September 6, 2013

cover letter. (*Id.* at ¶ 11). On February 18, 2014, Plaintiff requested a mental health workplace accommodation. (*Id.* at ¶ 13). On March 25, 2014, she requested a disability accommodation to relocate her workplace to the Kent County, Delaware office. (*Id.* at ¶ 14). On May 12, 2014, Plaintiff's employment was terminated when at the same time a lead position became vacant, a position for which Plaintiff was eligible and qualified to work with or without accommodations. (*Id.* at ¶ 15). On May 13, 2014, Plaintiff requested reinstatement along with an adjustment of equal pay. (*Id.* at 16). On May 22, 2014, her request for reinstatement to complete her contract at Kent County was denied while the Kent County lead position remained open. (*Id.* at ¶ 17).

Plaintiff alleges that Defendants' stated reasons for her termination and denial of reinstatement were pretext; that she was deprived of her right to engage in protected activity without retaliation;[1] and, in retaliation for filing a claim of discrimination, Defendants refused to hire her in any other open position for which she applied. (*Id.* at ¶¶ 18, 19, 20).

Plaintiff moves for remand to State Court and for default judgment. (D.I. 6, 7). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiff moves to strike Defendants' reply brief. (D.I. 10, 14). The Court turns to the issue of whether remand is appropriate.

---

[1] Plaintiff alleges that her employer "engaged in intimidation and proffered payment not to file a claim of discrimination for any reason and specifically violations of The Equal Pay Act, Delaware Discrimination in Employment Act (DDEA), Delaware Persons with Disabilities Employment Protections Act (DPDEPA), and Delaware Unemployment Compensation Act." (D.I. 1-1 at ¶ 19).

## II.   MOTION TO REMAND

Defendants removed this matter, asserting federal question jurisdiction in accordance with the Equal Pay Act, 29 U.S.C. § 206(d).  (D.I. 1).  Plaintiff moves for remand on the grounds that: (1) Defendants contractually waived their right to remove the Complaint via a forum selection clause; (2) the parties are not diverse;[2] (3) there is no federal question; and (4) Defendants did not attempt removal prior to completion of service of process.  Defendants oppose on the grounds that the Complaint asserts a claim in Count III under the Equal Pay Act, 29 U.S.C. § 206(d), and Plaintiff's remaining arguments do not support remand.

"In order to remove a case to federal court, a defendant must comply with the statutory requirements of 28 U.S.C. §§ 1441 and 1446."  *Meltzer v. Continental Ins. Co.*, 163 F. Supp. 2d 523, 525 (E.D. Pa. 2001).  "First, the district courts of the United States must have original jurisdiction, which requires either a federal question or diversity of citizenship of the parties."  *Id.* "Second, the defendant must file a notice of removal with the district court, containing 'a short and plain statement of the grounds for removal,' as well as 'a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'"  *Id.* The party seeking removal bears the burden of demonstrating that the Court has jurisdiction to hear the case.  *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Courts must construe the federal removal statutes strictly and resolve any doubts in favor of remand.  *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979).

---

[2] Defendants did not remove the case on diversity grounds.  (*See* D.I. 8 at 2).

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her

complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The

allegations that speak to pay or wages are as follows:

> Plaintiff by email on May 13, 2014 requested employment reinstatement
> along with adjustment of equal pay for Lead positions in other counties.

(D.I. 1-1 at ¶ 16).

> . . . Employer engaged in intimidation and proffered payment for Plaintiff
> not to file a claim of discrimination for any reason and specifically
> violations of The Equal Pay Act, Delaware Discrimination in Employment
> Act (DDEA), Delaware Persons with Disabilities Employment Protections
> Act (DPDEPA), and Delaware Unemployment Compensation Act.

(*Id.* at ¶ 19).

COUNT III AGAINST ALL DEFENDANTS
(Equal Pay, DDEA and DEDEPA Disability and Retaliation)

(*Id.* at 7).  And, in the body of Count III, Plaintiff alleges:

> Disability discrimination and retaliation is prohibited by State employment
> discrimination law whereby . . . .

(*Id.* at ¶ 35).

Plaintiff argues that there is no substantial and disputed federal question.  She

contends the Complaint is comprised of only of the following State claims:  violation of

the implied covenant of good faith and fair dealing; violation of "Delaware Code Title 19

Chapter 11 Section 1108(3); and Equal Pay, DDEA and DPDEPA Disability and

Retaliation."  (D.I. 6 at 2).  Plaintiff states that the "Delaware equal pay law is titled 'The

Delaware Wage Payment and Collection Act' (DE Code Title 19 Section 1107A)."  *Id.*

Defendants rely on the Complaint's allegations and are adamant that it states a

federal claim under the Equal Pay Act.  They argue that if Plaintiff meant to state a claim

4

under the Wage Payment and Collection Act she would have done so and she may not amend her Complaint in her remand motion to recast the Equal Pay Act claim as a Delaware Wage Payment and Collection Act claim.

Plaintiff gets two pleading advantages. First, because she is *pro se*, the Court must liberally construe the complaint in her favor. Second, the Court must construe the federal removal statutes strictly and resolve any doubts in favor of remand, that is, in Plaintiff's favor.

The Complaint makes reference to "equal pay" twice. Once in the "Nature of Action" section, and once in the caption of Count III. (D.I. 1-1 at 3, 7). The Complaint references the Equal Pay Act once concomitantly with a list of violations of Delaware statutes. (*Id.* at 4).

Count I raises a claim under Delaware law. Count II raises a claim under a Delaware statute. Count II is the only place in the Complaint with a statutory citation, and the statute cited is in reference to unemployment compensation. Count III contains the words "Equal Pay" in its title followed by "DDEA and DPDEPA," both of which refer to claims under Delaware law. Count III does not contain the words Delaware Wage Payment and Collection, but it speaks to "equal pay" not to the Equal Pay Act. Nor does Count III contain a statutory citation for any of the claims raised. Notably, the Complaint does not contain any federal statutory citations and the equal pay claim is listed with claims raised under Delaware statutes.

In light of the way the Complaint is pled, and holding Plaintiff to "less stringent standards," the Court rejects Defendants' position that Plaintiff raised an Equal Pay Act claim under federal law. As pled, it cannot be said that the Complaint raises a claim

under the Equal Pay Act.  It does not cite to any federal statute and all claims are raised under Delaware law.  The Court must resolve any doubts in favor of remand and finds that Defendants have not met their burden of establishing this Court's subject matter jurisdiction by reason of a federal question under 28 U.S.C. § 1331.  Therefore, the Court will grant Plaintiff's motion and will remand the case to the Superior Court.  (D.I. 6).  All other motions will be dismissed as moot.

## IV.    CONCLUSION

For the above reasons, the Court will:  (1) grant Plaintiff's motion to remand  (D.I. 6); (2) dismiss as moot all other pending motions (D.I. 7, 10, 14); and (3) remand this matter to the Superior Court of the State of Delaware, in and for Kent County.

An appropriate Order will be entered.

6